```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
               NORTHERN DIVISION at ASHLAND
```

```
TRACY FRANKS,                    )
                                 )
     Plaintiff,                  )    Civil Action No. 08-73-JMH
                                 )
                                 )
v.                               )
                                 )
                                 )    MEMORANDUM OPINION AND ORDER
MICHAEL J. ASTRUE,               )
COMMISSIONER OF SOCIAL           )
SECURITY,                        )
                                 )
     Defendant.                  )
```

               \*\*     \*\*     \*\*     \*\*      \*\*

This action seeks judicial review of a final decision of the Commissioner of Social Security denying Tracy Franks' application for disability insurance and social security income ("SSI") benefits under Title II and Title XVI of the Act, 42 U.S.C. §§ 401-433, 1383(c)(3). The Commissioner has filed a Motion to Dismiss or, in the Alternative, for Summary Judgment [Record No. 8] on the grounds that Frank's action fails to state a claim because it was not timely filed. The time for response has expired, and no objections have been filed by Plaintiff Franks. Accordingly, this motion is ripe for decision, and, for the reasons which follow, the Court will grant the Commissioner's motion.

On February 8, 2008, the Appeals Council denied Plaintiff's request for review of the Administrative Law Judge's ("ALJ") denial of Franks' claim for disability insurance and SSI benefits,

rendering the ALJ's July 21, 2006, decision the final decision of the Commissioner. [Record No. 1, Complaint at ¶¶ 5, 6.] Plaintiff's Complaint was filed before this Court on May 14, 2008. [Record No. 1.]

It is well settled that "the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Hercules Inc. v. United States*, 516 U.S. 417, 422 (1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976) and *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941)). In the same vein, Congress may prescribe the procedures and conditions under which judicial review of administrative orders may proceed. *See City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). The exclusive jurisdictional basis for judicial review of final decisions on claims arising under Title II and Title XVI of the Act is provided for and limited by 42 U.S.C. §§ 405(g), (h). *See United States v. Babcock*, 250 U.S. 328, 331 (1919). ("[W]here a statute creates a right and provides a special remedy, that remedy is exclusive.")

The Act provides that:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner may allow . . .

42 U.S.C. § 405(g) (emphasis added). The Commissioner, by regulations published December 9, 1976, in the Federal Register, 41 F.R. 53792, 20 C.F.R. § 422.210(c) (2008), interpreted this to mean that a civil action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual . . ." *See also* 20 C.F.R. § 404.981. The date of receipt of the notice is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. *See* 20 C.F.R. § 404.901, 422.210(c). The Commissioner has interpreted this provision to mean that a complaint is timely if filed within sixty-five days of the date on the Appeals Council notice. *See* 20 C.F.R. §§ 404.901, 404.981, 422.210(c).

Plaintiff's Complaint was filed on the ninety-sixth day after the Appeals Council's decision was issued and is, thus, untimely. Plaintiff's Complaint is silent as to the reason for her tardiness in filing, there is no evidence that she sought an extension of time to file from the Appeals Council, and the Court is aware of no extraordinary circumstances in this matter that would justify tolling the time period in which to file. See *Bowen v. City of New York*, 476 U.S. 467, 479 (1986) (sixty day period specified in § 405(g) is a period of limitation, which in a rare case can be tolled by the Commissioner or the courts).

For all of the reasons stated above, the Commissioner's motion

shall be granted and Plaintiff's Complaint dismissed.

Accordingly, **IT IS ORDERED** that the Commissioner's Motion to Dismiss or, in the Alternative, for Summary Judgment [Record No. 8] shall be, and the same hereby is, **GRANTED**.

This the 31st day of October, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge